UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICK CORTEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SACRAMENTO STATE PRISON OFFICER,<br><br>　　　　　Defendant. | No. 2:23-cv-00170-CKD P<br><br><br>ORDER |

　　　　Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

　　　　Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

　　　　Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

**I.      Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**II.     Allegations in the Complaint**

At all times relevant to the allegations in the complaint, plaintiff was an inmate at the California Health Care Facility ("CHCF").  When asked to identify the defendant in this action,

2

plaintiff indicates that it is an "officer [although he] don't know exactly who." ECF No. 1 at 2. In claim one, plaintiff indicates that he does not get treated equally, but the facts purporting to support this claim are related to plaintiff's prior convictions for theft and robbery. ECF No. 1 at 3. In the second claim for relief, plaintiff indicates that he wants assistance in contacting a family member in San Diego.

### III. Legal Standards

The following legal standards are provided based on plaintiff's pro se status as well as the nature of the allegations in the complaint.

#### A. Linkage

The civil rights statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

#### B. Equal Protection

The Equal Protection Clause of the Fourteenth Amendment requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985); Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013); Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). It applies both inside and outside of prison walls. Lee v. Washington, 390 U.S. 333, 333 (1968). To state a claim, plaintiff must show that defendant intentionally discriminated against him based on his membership in a protected class. Hartmann, 707 F.3d at 1123; Furnace, 705 F.3d at 1030; Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003); Lee v.

1  City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001).  An individual's race is a protected class
2  for purposes of the Equal Protection Clause.  See Yick Wo v. Hopkins, 118 U.S. 356, 369 (1886)
3  (emphasizing that the due process and equal protection clauses of the Fourteenth Amendment
4  "are universal in their application, to all persons within the territorial jurisdiction, without regard
5  to any differences of race, of color, or of nationality....");  see also Johnson v. California, 125 S.
6  Ct. 1141 (2005) (concluding that strict scrutiny standard of review applies to an equal protection
7  challenge to a prison regulation based on race).

8  **C.  Habeas versus Section 1983 Relief**

9  While not entirely clear what relief plaintiff is seeking, it appears it may be connected to
10 plaintiff's prior convictions.  When a state prisoner challenges the legality of his custody and the
11 relief he seeks is the determination of his entitlement to an earlier or immediate release, his sole
12 federal remedy is a writ of habeas corpus which plaintiff would seek under 28 U.S.C. § 2254.
13 Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).  Also, to the extent plaintiff seeks damages,
14 plaintiff is informed he cannot proceed on a §1983 claim for damages if the claim implies the
15 invalidity of his conviction or sentence.  Heck v. Humphrey, 512 U.S. 477, 487 (1994).

16 **IV.    Analysis**

17 The court finds the allegations in plaintiff's complaint so vague and conclusory that it is
18 unable to determine whether the current action is frivolous or fails to state a claim for relief.  The
19 court has determined that the complaint does not contain a short and plain statement as required
20 by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a
21 complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones
22 v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least
23 some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.
24 Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the
25 complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.
26 If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions
27 complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v.
28 Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how

each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**V.      Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English and is not intended as legal advice.

The court has reviewed the allegations in your complaint and determined that they do not state any claim against the defendant. Your complaint is being dismissed, but you are being given the chance to fix the problems identified in this screening order.

Although you are not required to do so, you may file an amended complaint within 30 days from the date of this order. If you choose to file an amended complaint, pay particular attention to the legal standards identified in this order which may apply to your claims.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently

herewith.

      3. Plaintiff's complaint is dismissed.

      4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: June 5, 2023

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/cort0170.14.new